IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD KON, et al., | ) | Civ. No. 96-00340 HG-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANT TETSUYA GOTO'S |
| | ) | MOTION TO RECALCULATE |
| TETSUYA GOTO, et al., | ) | DEFENDANT'S PAYMENTS TO |
| | ) | THE FUNDS BE DENIED |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANT
TETSUYA GOTO'S MOTION TO RECALCULATE
DEFENDANT'S PAYMENTS TO THE FUNDS BE DENIED

Before the Court is Defendant Tetsuya Goto's Motion To Recalculate Defendant's Payments to the Funds. In the Motion, Goto appears to seek information related to payments that were previously made to the funds and to modify or amend the Judgments in this case. The Court heard this Motion on February 5, 2009. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments made at the hearing, the Court DENIES as moot Goto's request for information and finds and recommends that Goto's request to amend the Judgments be DENIED. The Court also DENIES any request for sanctions at this time.

Goto states that he and Kobayashi Travel Service, Ltd. previously made payments to the funds. In the Motion, Goto seeks information documenting whether those payments were applied to the funds and whether Plaintiffs are "double collecting" from him. In response to the Motion, Plaintiffs provided that information to Goto in Exhibits A and B. Exhibit A is a table reflecting the prior payments received from Goto and Kobayashi Travel, as well as the accrued interest from January 1998 to May 2002. (Erwin Decl'n ¶ 15; Ex. A.) Exhibit B is a table calculating the unpaid sum of the Amended Judgment and accrued statutory interest from May 2002 to January 2010. (Erwin Decl'n ¶ 18; Ex. B.) Together, these Exhibits account for the various payments made to the funds and show that Plaintiffs are not double collecting from Goto. Because the Exhibits are responsive to Goto's request for documentation relating to the payments previously made, the Court DENIES as moot Goto's request for such information.

In the Motion, it also appears that Goto seeks to amend or modify the Judgments entered in this case. Federal Rules of Civil Procedure Rule 60(b) governs requests for relief from final judgments and provides:

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment, order, or
> proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by an
> opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(c) states that a "motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Because Goto filed this Motion more than seven years after the Amended Judgment was filed on May 17, 2002, the Court finds that any request to amend or modify the Judgments in this case is untimely. The Court therefore finds and recommends that Goto's Motion be DENIED to the extent it seeks to amend the Judgments in this case.

Goto also argues that he "assigned [his] $300,000 receivable rights from Kobayashi [T]ravel to" Plaintiffs. (Reply at 2.) At the hearing, he argued that Plaintiffs should seek further payments from Kobayashi Travel pursuant to the assignment. However, as Plaintiffs note, that assignment related to a sales agreement that only covered a five-year period from June 1995 to May 2000. (Opp. at 10; Exs. G-H.) Any remaining dispute between Goto and Kobayashi

Travel about Kobayashi's payments to the funds is independent of Goto's obligations to Plaintiffs and should be resolved directly between Goto and Kobayashi Travel.

At the hearing, Plaintiffs' counsel requested that the Court consider sanctions the next time Goto files a motion concerning the Judgments in this case. Any request for sanctions is DENIED at this time.

The parties are advised that any objection to this Findings and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

DATED:  Honolulu, Hawaii, February 9, 2010.

IT IS SO ORDERED.



　　　　　　 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Harold Kon, et al. v. Tetsuya Goto, et al., Civ. No. 96-00340 HG-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT TETSUYA GOTO'S MOTION TO RECALCULATE DEFENDANT'S PAYMENTS TO THE FUNDS BE DENIED.