IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Harold Kon; Francine D. Peters; Frank L. Thornton; for themselves and as representatives of the class of similarly situated participants of the Retirement Plan of U-ME Enterprises, Inc., <br><br>          Plaintiffs, <br><br>     vs. <br><br> Tetsuya Goto, aka Alan T. Goto; Katsuji Uchiike; Randell T. Yamane; Isaac Kuwamura; individually and a fiduciaries of the Retirement Plan of U-ME Enterprises, Inc.; U-ME Enterprises, Inc., dba "U-ME Tours"; Masumi Goto, <br><br>          Defendants. | Civ. No. 96-00340 HG-BMK |

**ORDER DENYING DEFENDANT TETSUYA GOTO'S MOTION FOR RECONSIDERATION (DOC. 308)**

On August 3, 2012, the Court issued an Order granting the Plaintiffs' Motion to Extend the Amended Final Judgment. (Doc. 307). On August 13, 2012, Defendant TetSuya Goto filed a Motion for Reconsideration. (Doc. 308).

The Motion is **DENIED.**

**PROCEDURAL HISTORY**

On April 9, 1996, the Plaintiffs filed a Complaint. (Doc.

1

1).

On December 30, 1997, the Court issued an Order approving a settlement between the Plaintiffs and all Defendants. (Doc. 108).

On February 9, 1998, the Court entered a Judgment pursuant to the Order approving the settlement. (Doc. 110).

On May 17, 2002, the Court entered an Amended Judgment that ordered and adjudged that Defendant Tetsuya Goto owed $526,228.02, with accrued interest. (Doc. 214).

On August 3, 2012, the Court issued an Order granting the Plaintiffs' Motion to Extend Amended Final Judgment. (Doc. 307).

On August 13, 2012, Defendant TetSuya Goto filed a Motion for Reconsideration of the granting of the extension of the Amended Final Judgement. (Doc. 308).


**STANDARD**

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals.  First, the motion must demonstrate some reason why the court should reconsider its prior decision.  Second, the motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u> <u>Na Mamo O 'Aha'ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Hawaii 1999)(citations omitted).

Courts have established only three grounds for justifying

2

reconsideration: (1) an intervening change in controlling law;
(2) the discovery of new evidence not previously available; or
(3) the need to correct clear or manifest error in law or fact in
order to prevent manifest injustice. See Mustafa v. Clark County
School District, 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great
Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Hawaii
1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).  The
District of Hawaii has implemented the three grounds as a basis
for reconsideration in Local Rule of Civil Procedure 60.1.

A motion for reconsideration "must set forth facts or law of
a strongly convincing nature to induce the court to reverse its
prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F.Supp.
429, 430 (D. Haw. 1996).  The district court has sound discretion
to grant or deny a motion for reconsideration. Navajo Nation v.
Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d
1041, 1046 (9th Cir. 2003).


### ANALYSIS

Defendant Tetsuya Goto ("Defendant") Moves for
Reconsideration of the Court's Order granting the Plaintiffs'
Motion to Extend the Amended Final Judgment for ten years.
Although the Defendant's argument is difficult to comprehend, he
appears to be arguing that the Court's ruling conflicts with
federal law.  He does not identify a particular federal law that

the Court's ruling conflicts with, however, or explain the nature of the purported conflict.

A motion for reconsideration will not be granted unless the movant establishes: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. See Mustafa v. Clark County School District, 157 F.3d 1169, 1178-79 (9th Cir. 1998).  The Defendant has not pointed to a change in the law, new evidence, or the need to correct a manifest error.  To obtain reconsideration, a movant "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F.Supp. 429, 430 (D. Haw. 1996).  The Defendant has pointed to no facts or law that merit reconsideration of the Court's ruling.

Defendant's Motion for Reconsideration is **DENIED.**


**CONCLUSION**

Defendant Tetsuya Goto's Motion for Reconsideration (Doc. 308) is **DENIED.**

4

IT IS SO ORDERED.

DATED: August 21, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Harold Kon; Francine D. Peters; Frank L. Thornton; for themselves and as representatives of the class of similarly situated participants of the Retirement Plan of U-ME Enterprises, Inc. v. Tetsuya Goto, aka Alan T. Goto; Katsuji Uchiike; Randell T. Yamane; Isaac Kuwamura; individually and as fiduciaries of the Retirement Plan of U-ME Enterprises, Inc., U-ME Enterprises, Inc., dba "U-ME TOURS"; Masumi Goto; Civil No. 96-00340 HG-BMK; **ORDER DENYING DEFENDANT TETSUYA GOTO'S MOTION FOR RECONSIDERATION (DOC. 308).**